IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 7, 2005 Session

## DONNA LANGFORD, ET AL. v. YOLANDA DARDEN, ET AL.

**Appeal from the Circuit Court for Montgomery County**
**No. 50200567     Ross H. Hicks, Judge**

_____

**No. M2004-00158-COA-R3-CV - Filed February 16, 2005**

_____

This is a dog bite case against an absent landlord. The plaintiff argues that owing to the pervasive publicity about the viciousness of the tenants' dog, the landlord had constructive notice of its propensity to violence and should therefore be held liable. Summary judgment was granted to the landlord . We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J.M.S. and WILLIAM B. CAIN, J., joined.

Stacy A Turner-Olson, Clarksville, Tennessee, for the appellants, Donna Langford and Bill Langford.

W. Timothy Harvey, Clarksville, Tennessee, for the appellee, Sherman Quarles.

### OPINION

On August 30, 2001 a dog owned by Yolanda or Chantal Darden, who resided at 490 Bellamy Lane in Clarksville, ran onto the property of the plaintiffs, who resided at 483 Bellamy Lane, and attacked plaintiff Donna Langford. The Dardens leased the 490 Bellamy Land residence from Sherman Quarles [hereinafter "Quarles"], through his agent, George Hoosier. The plaintiffs, Donna Langford and husband Bill Langford, filed this action against the Dardens (the owners of the dog) and against Quarles (the absent landlord) for damages for the injuries Donna Langford sustained.

Quarles filed a motion for summary judgment, and supported the motion by his affidavit wherein he deposed that he owned the property at 490 Bellamy Lane which he rented to Darden on a month-to-month basis, and that the rent was collected from Darden by George Hoosier who remitted to Quarles. He further deposed that he did not own the dog, and had no knowledge of the dog or that the Dardens allowed the dog to run at large.

Also filed was the affidavit of George Hoosier [hereinafter "Hoosier"], who deposed that for a number of years before 1995 he rented the property at 490 Bellamy Lane from Quarles and resided there; when he moved, Quarles rented the property to Hoosier's niece, Ms. Darden. Hooseir and Quarles agreed that Hoosier would manage the property, and that he could keep personal property thereon. He deposed that he visited the property for various purposes about once weekly.

Hoosier deposed that Quarles owned the property at 490 Bellamy Lane, and allowed Hoosier to rent the house to his niece, Chantel Darden. Hoosier continued to receive his mail there, and kept various items of his personal property on the premises.

The plaintiffs submitted affidavits that the dog owned by the Dardens was visible from the street and frequently ran at large exhibiting vicious tendencies.

The motion of Quarles for summary judgment was granted. The trial judge ruled that

> The plaintiff cannot show that Mr. Quarles knew or should have known that his tenants maintained a dog with vicious propensities. He simply had no knowledge or notice that the tenants maintained a dog that was permitted to run at large . . . . he did not retain sufficient control over the leased premises to afford an opportunity to require the tenant to remove or safely restrain the dog.

The plaintiffs appeal and present for review the issues of whether Quarles (1) "was negligent in that he knew or should have known . . . [t]hat he was harboring a vicious animal or one that was allowed to run at large . . ." and (2) whether Quarles "retained sufficient control over the leased premises and the ability to remove or restrain an animal on his premises. . . ." Review is *de novo* on the record with no presumption of correctness since the issue is one of law. *See, Gray v. Amos*, 869 S.W.2d 965 (Tenn. Ct. App. 1993).

The appellant relies upon Tenn. Code Ann. § 44-8-408 which provides that

> It is unlawful for any person to allow a dog belonging to or under the control of such person, or that may be habitually found on premises occupied by the person or immediately under the control of such person, to go upon the premises of another, or upon a highway or upon a public street or road.

This statute is applicable, the appellant argues, because it creates no distinction between the owner or harborer of a dog, and the complaints made to the law enforcement officials would be sufficient to place the defendant Quarles on notice of the dog. We note that Quarles was neither the owner nor the harborer of the dog, and if he may be held liable for the acts of the dog there must be proof that he had knowledge of the propensity of the dog to violence and that he retained sufficient control over the leased premises to afford an opportunity for the landlord to require the tenant to

remove the dog. ***Gilliland v. Pinkley***, 2001 WL 557985 (Ct. App. Tenn. 2001); ***McKenna v. Jackson***, 996 WL 140496 (Ct. App. Tenn. 1996).

The appellant has not shown that Quarles had any knowledge or awareness that the occupants of his leased property owned an animal. Rather, the uncontroverted proof is that Quarles had no knowledge or notice that tenants maintained a dog with vicious propensities, or permitted the dog to run at large, or failed to keep the dog under leash or in a protective fence to keep from harming other individuals. The threshold question in ***Gilliland*** and ***McKenna***, *supra*, is whether a landowner has knowledge of the vicious propensities of the animal. There is no such showing in this case.

The second issue is whether the landlord retained authority or control over the premises located at 490 Bellamy Lane. It is settled in law in this jurisdiction that "[a] tenant is entitled to the exclusive possession of the leased premises against the landlord for a landlord retains no rights over leased premises, except such as are reserved and clear in express terms." ***Gilliland v. Pickley***, *supra.* In order for a landlord to be liable for injuries suffered by a third person by a dog owned and kept by a tenant, there must be proof that the landlord "(1) [had] knowledge or notice of the vicious propensity of the dog, and (2) [retained sufficient] control over the leased premise to afford an opportunity for the landlord to require the tenant to remove the dog or safely restrain it." *See,* ***McKenna,*** *supra.* In ***Gilliland***, the plaintiff was attacked by defendant Pinkley's dog on land bordering the property rented by Pinkley from defendant Vision Care. No written lease agreement, or any other agreement regarding possession and control, existed between Pinkley and Vision Care. Various neighbors and a process server had prior problems with the dog, and/or were aware of the dog's vicious propensities, but none of those individuals indicated that this information had been relayed to any agent of Vision Care. The court concluded that no agent of Vision Care had notice or knowledge of the vicious propensities of Pinkley's dog. "The fact that neighbors and others might have been aware of such tendencies does *not impute knowledg*e to any agent of the landlord." In addition, the court recognized that there was no written lease between Pinkley and Vision Care, which had no authority to retain control over the premises. "Such is a requirement for liability of a landlord."

But if it could reasonably be argued that Quarles had constructive notice of the dog the unrefuted proof reveals that he did not retain sufficient control over the leased premises to afford him an opportunity to require the tenants to remove the dog or safely restrain it. As we have noted, a tenant is entitled to the *exclusive* possession of the leased premises and the landlord retains no rights over the leased premises except such as the reserved and clear and express terms. As in ***Gilliland***, there was no written lease for the property between Quarles and tenants.

We conclude that the landlord's motion for summary judgment was properly granted. Costs are assess to the appellants.

_____
WILLIAM H. INMAN, SENIOR JUDGE
